ROANE, Judge.
The errors assigned, by the appellant’s counsel, are that the act of assembly was void and obtained by fraud; and that the trust was improperly executed under it. But a previous question arises from that part of the decree relating to the jurisdiction of the court of chancery; which it is unnecessary to decide, as well as whether it could be gone into, when the answer contains no exception of that kind; for, as the decree dismisses the bill, it would be right, according to my view of the case, whichever way the question of jurisdiction might be decided. At the same time, however, I cannot help thinking, as at present advised, that the chancellor erred upon that point; because the bill charged fraud in the creation of the trust; and improper conduct in the execution of it; which, if sustained, would probably’ have entitled the plaintiff to relief. Passing that «point over, however, I am of opinion, that the decree ought to be affirmed upon the merits. Por there is no evidence of fraud in obtaining the act of assembly. The testimony of Pendleton refutes the charge while the bill was before the legislature; and the allegations, with respect to the caveat, are not proved, and amount to nothing. The principle of the act is unexceptionable; for there is nothing contrary to natural justice in it. The object was to sell the lands, to greater advantage, in order to pay debts, to which they were liable before. It therefore neither conferred new rights upon the creditors, nor took away any from the heir; whom it was intended to benefit, by relieving the estate, not only from the increasing charges upon it, but from the dangers to which it was exposed from the creditors, who might have sacrificed it by pursuing the remedies which were in their power. As to the execution of the trust, there is no ground for complaint. Por the sales were open and fair: And, although an excess took place, it was very small, and arose from balances of land not foreseen at the time of the sales, but discovered afterwards upon the surveys of the leases. Besides, in a variety of small tracts, it was impossible to arrive at absolute precision, without doing injury to the residue of some of them. A single tract might admit of greater exactitude; but, even in that case, circumstances may require slight departures. In regard to the objection, that the trustees could not delegate the trust confided to them, there is nothing in it; for it was not an absolute delegation of the power, but the sales were subject to the control of the trustees.
FLEMING, Judge.
The objection to the principle of the act, and the manner of procuring it, is not sustainable; and, probably, was not much relied upon by the appellant’s counsel; for the fraud is not proved, and the statute conferred no new obligation, nor took away any antecedent rights from the heir; whom it was intended to benefit, by selling the lands upon credit, and consequently more to his advantage. The sales were properly conducted ; and those made by the «agents are unexceptionable; for it was not an absolute delegation of the trust, but they were subject to the control of the trustees, who could not conveniently go through the business themselves. The excess complained of was small; and arose from unexpected amounts of land discovered, upon the surveys, to be in the lots, over the quantities called for in the leases: which ought not to avoid sales otherwise unexceptionable, especially against purchasers, who brought under the general power, without any knowledge of the excess. 1 Vern. 301. The purchasers were not bound to see to the application . of the purchase money; for the power was to pay debts generally, and not according to a schedule. 1 Bro. C. C. 186. The point of jurisdiction is not necessary to be decided; because the decree dismissing the bill is right, whether there was jurisdiction or not; and therefore it should be affirmed.
CARRINGTON, Judge.
The charge of fraud in obtaining the act, is not proved; and I cannot doubt of the facts contained in it; for the finding of the legislature is conclusive. The principle of the statute is not obnoxious to exception; for it neither conferred new rights upon the creditors, nor took away any from the heir: On the contrary, it was beneficial to him, as it was calculated to lessen his burden, by making the lands, which were liable for his father’s debts, sell to more advantage on account of the credit. The suggestions relative to the caveat are unimportant; for the averments in the act were all that would have been attended to by the king and council, and nothing more was ever sent. The powers confided to the trustees were exercised with propriety, and the sales were conducted as well as circumstances would permit. The excess was small; was produced from causes not foreseen, and perhaps could not well be avoided; for it would be extremely difficult, in any case, to sell to the exact amount of' the sum required. The court, I think, had jurisdiction ; and the decree ought to be affirmed upon the merits.’